# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WADE CHARLES HEIDEN, <br><br> Defendant. | No. 09-CR-3040-LRR <br><br> **ORDER** |

_____

The matter before the court is Defendant Wade Charles Heiden's pro se motion for credit for time served ("Motion") (docket no. 58), which the clerk's office filed on June 24, 2013. In the Motion, Defendant asks the court to give him credit toward the service of his term of imprisonment "for (ALL) time served from 6/6/11 to 11/28/11." Motion at 1.

Title 18, United States Code, Section 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he [or she] has spent in official detention prior to the date the sentence commences . . . [if the official detention was] a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . .
>
> . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. *Wilson*, 503 U.S. at 335, 112 S. Ct. 1351; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus

petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335, 112 S. Ct. 1351; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any dispute about the length of his [or her] time in [official detention prior to the date the sentence commences].

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

In this case, Defendant makes no assertion regarding the administrative remedies that he pursued. Thus, the court does not have the authority to credit the time that Defendant spent in official detention prior to the date his sentence commenced and, accordingly, the Motion (docket no. 58) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 25th day of June, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA